**IN THE UNITED STATES DISTRICT COURT**
**FOR THE CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| TENOCH GERONIMO RUIZ,<br>Petitioner,<br>v.<br>FERETI SEMAIA, et al.,<br>Respondents. | Case No. 5:26-cv-04785-MBK<br><br>ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS |

Petitioner Tenoch Geronimo Ruiz is in the custody of the Department of Homeland Security at the Adelanto Detention Facility. Petitioner is a citizen of Mexico who has resided in the United States since approximately 2003. On July 13, 2026, immigration authorities detained Petitioner as he was released from Ventura County jail. In this habeas action, Petitioner challenges his continued detention under 8 U.S.C. § 1357(a)(2), the Fourth Amendment, and the Due Process Clause. For the reasons that follow, the Court finds that the Petition should be denied.

## I. FACTS AND PROCEDURAL HISTORY

Petitioner Tenoch Geronimo Ruiz was born in Mexico and last entered the United States in 2003. Dkt. 1 at 4. Immigration authorities arrested Petitioner on July 13, 2026, after he was released from Ventura County jail in connection with his criminal prosecution for a violation of California Penal Code 417(a)(1), Exhibiting a Deadly Weapon. *Id.*; Dkt. 7 at 7. Petitioner asserts Respondents did have a properly executed warrant or inform Petitioner of the basis for his arrest. Dkt. 1 at 4. The Petition includes no other facts about Petitioner, his decades in the United States, or his criminal history.

On August 21, 2026, Petitioner filed the instant petition for writ of habeas corpus. Dkt. 1. Petitioner argues his warrantless arrest without probable cause of flight risk violated 8 U.S.C. § 1357(a)(2), his warrantless arrest without probable cause and his stop without reasonable suspicion violated the Fourth Amendment, and his continued detention without lawful authority violates the Fifth Amendment. *Id.* at 3-7.

On August 28, 2026, Respondents filed their response, arguing Petitioner is properly detained pending potential bond proceedings. Dkt. 7 at 2. Respondents also argue that, to the extent that Petitioner has not requested a bond hearing, his claims should be denied for failure to exhaust administrative remedies. *Id.*

On August 28, 2026, Petitioner filed his reply, arguing prudential exhaustion would be futile in this case. Dkt. 8 at 2. Petitioner also argued Respondents had failed to address Petitioner's Fourth and Fifth Amendment claims, thereby conceding that his constitutional rights were violated. *Id.* at 2-3. Accordingly, Petitioner asserted that his immediate release is the appropriate remedy. *Id.* at 5.

## II. DISCUSSION

Petitioner argues that his warrantless arrest violated both 8 U.S.C. § 1357(a)(2) and the Fourth Amendment. Dkt. 1 at 5-6. As Petitioner observes, Respondents do not contest that they lacked a warrant or probable cause to arrest Petitioner. Dkt. 8 at 2-3. Nonetheless, Petitioner provides no authority that the proper remedy for the violations of his rights under the Section 1357 and the Fourth Amendment is release from custody. Petitioner cites two cases in which courts ordered the release of noncitizens in immigration custody but, in those cases, the Government had detained the petitioners under the incorrect detention authority and unlawfully denied them a bond hearing. Dkt. 1 at 5 (citing *Jose Daniel Carbajal Torres v. Fereti Semaia, et al.*, 5:26-cv-03374-E (C.D. Cal. June 29, 2026); Dkt. 8 at 5 (citing *Zurita Navarro v. Warden, Cent. Valley Annex Det. Facility*, No. 1:26-CV-05661-DAD-SCR, 2026 WL 2294963, at *2 (E.D. Cal. Aug. 10, 2026)). Petitioner does not allege that he has been unlawfully denied a bond hearing or otherwise show that his unlawful arrest warrants his release from custody.

Petitioner also alleges that his detention violates due process "because he has been detained without lawful authority." Dkt. 1 at 8. Respondents claim that Petitioner is "properly detained pending [ ] potential bond proceedings" under 8 U.S.C. 1226(a) "because this is the Petitioner's first detention, following a recent criminal arrest." Dkt. 7 at 2. Petitioner does not address his due process claim in his reply brief or otherwise explain his assertion that he is being "detained without lawful authority." As such, the Court concludes that Petitioner has not shown that his ongoing detention violates due process.

## III. CONCLUSION

For the foregoing reasons, the Court DENIES the Petition and dismisses the action with prejudice.

Dated: September 3, 2026

HON. MICHAEL B. KAUFMAN
UNITED STATES MAGISTRATE JUDGE